E-FILED AND/OR JOURNALIZED
COMMON PLEAS COURT, ERIE COUNTY, OHIO

Jun 4 2021 08:46 AM

LUVADA S.WILSON

CLERK OF COURTS

2021 CV 0215

Tone, Tygh M

IN THE COURT OF COMMON PLEAS
ERIE COUNTY, OHIO

| | | |
|---|---|---|
| TRACY FREDERICK<br>207 Amanda Street<br>Clyde, Ohio 43410<br><br>Plaintiff,<br><br>v.<br><br>ACCEL SCHOOLS SR, LLC<br>c/o Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, Ohio 43215<br><br>Defendant. | ) | CASE NO.<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES AND REINSTATEMENT** |

Plaintiff, Tracy Frederick, by and through undersigned counsel, as her Demand against the Defendant, states and avers the following:

**PARTIES & VENUE**

1. Frederick is a resident of the city of Clyde, Sandusky County, state of Ohio.

2. ACCEL Schools SR LLC is a foreign limited liability company that operates a business, Monroe Preparatory Academy, located at 328 East Monroe Street, Sandusky, Ohio 44870. ("Monroe Prep")

3. Monroe Prep is an "employer" within the meaning of O.R.C. § 4113.51(B).

4. All material events alleged in this Complaint occurred in Erie County.

5. Venue is proper pursuant to Ohio R. Civ. P. 3(C)(2), (3), and/or (6).

**FACTS**

6. Frederick is a former employee of Monroe Prep.

7. On or about August 13, 2018, Frederick began working for Monroe Prep as a Teacher.

8. Monroe Prep is a Community School under Ohio law and required to take accurate attendance of its students pursuant to R.C. §3314.03.



9. As a Community School, Monroe Prep's funding is determined by its attendance records.

10. Monroe Prep is legally obligated to report accurate attendance information to the State of Ohio.

11. Each year, the State of Ohio and Monroe Prep's sponsor, St. Aloysius Orphanage, measure the school's performance, based on Monroe Prep's own records, and issue an institutional Report Card based on the school's performance pursuant to R.C. §3314.017.

12. Frederick kept track of attendance manually and then entered the attendance data into the Canvas software.

13. The first day of school for the 2020/2021 school year was August 20, 2020.

14. Frederick was assigned to teach virtual/online and hybrid students in the 7th and 8th grades.

15. As a Teacher, Frederick's duties included tracking the daily attendance of her students.

16. Monroe Prep uses software called "Canvas" for virtual/online students to attend class and participate online.

17. Canvas tracks student actions after they login and will show if a student is actually attending an online class.

18. Canvas keeps track of students' actions online including mouse clicks, classes attended, and other activity.

19. Frederick found that some students logged in to Canvas and then performed no actions after the initial login indicating that they were not actually participating in virtual/online classes or otherwise interacting with the Canvas software.

20. When Frederick noticed a student's lack of actions after login she marked that student absent.

21. Frederick noticed that some students were given credit for attendance even without logging in to Canvas.

22. In person teachers at Monroe Prep used Progressbook to manually track attendance and submitted those attendance records to Libby Adkins.







23. Frederick was not given any means to manually track virtual/online attendance.

24. Frederick created her own form to manually track virtual/online attendance.

25. Frederick attempted to turn in her manual attendance records to Adkins, but Adkins refused to take them and told Frederick that Canvas tracked attendance for virtual/online students.

26. In or about late August 2020, Frederick noticed that the attendance records in Canvas did not match her manual attendance records.

27. Canvas showed attendance for students that Frederick had marked absent.

28. Monroe Prep was giving students credit for simply logging into Canvas, even when Canvas showed a student had taken no actions past login and had not participated in any virtual/online instruction.

29. Monroe Prep's policy for virtual/online and hybrid students is that attendance violations would result in unenrollment per Ohio Department of Education guidelines.

30. On or about August 26, 2020, Frederick reported her concerns about attendance discrepancies in Canvas to Head of School Rachel Blackshire. ("First Attendance Discrepancy Report")

31. Frederick was concerned about the attendance discrepancies in Canvas because Ohio law requires Monroe Prep to accurately count and report student attendance.

32. Frederick was concerned about attendance discrepancies in Canvas because certain students were not receiving the Individualized Education Program ("IEP") benefits Monroe Prep was obligated to provide. according to Ohio law and was depriving certain students of their IEP benefits.

33. Frederick reported to Blackshire that Frederick was concerned that Monroe Prep was not accurately recording attendance for Frederick's virtual/online classes.

34. Frederick reported to Blackshire that Frederick was particularly concerned with several students who were habitually absent.





35. Blackshire told Frederick that she was not concerned about the attendance issues.

36. Blackshire refused to accept Frederick's manual attendance records.

37. Blackshire instructed Frederick to let the automated attendance feature in the Canvas software track student attendance.

38. Blackshire told Frederick that Monroe Prep was handling the attendance and IEP issues with letters to families.

39. Frederick asked Blackshire how Monroe Prep could accurately handle the attendance issues with letters if the attendance record from Canvas was not accurate.

40. Blackshire again refused to accept Fredericks's manual attendance records and told Fredericks that Adkins would handle attendance reports.

41. Frederick continued to track student attendance due to her concerns with the inaccuracies in the Canvas software.

42. Frederick continued to voice her concerns to Blackshire about the discrepancies in attendance records in Canvas.

43. In or about September 2020, Frederick reported to Monroe Prep's Director of Academics, Jackie Hartsel, that Monroe Prep was failing to accurately count and report student attendance according to Ohio law and was depriving certain students of their IEP benefits. ("Second Attendance Discrepancy Report")

44. Hartsel told Frederick that she was not concerned about the attendance records for the virtual/online students, but that she would talk to Blackshire.

45. On or about October 6, 2020, Frederick talked to Regional Vice President, Amy Printy and asked about Monroe Prep's policy for falsifying attendance records.

46. Frederick reported to Printy that she believed Blackshire, Hartsel, and Adkins were falsifying student attendance records to maintain funding. ("Third Attendance Discrepancy Report")







47. Frederick continued to track student attendance because she believed Blackshire was manipulating student attendance to protect funding for Monroe Prep.

48. In the October 2020 meeting with Printy, Frederick also reported that the attendance information listed on the mid-term reports was not accurate.

49. Printy told Frederick that the mid-term reports were not accurate because Canvas was still syncing the attendance data with another program called PowerSchool.

50. Frederick tried to explain to Printy that the underlying data in Canvas was not correct because some students were being credited for attendance even when Canvas showed those students were not actually participating.

51. Printy refused to discuss the inaccurate attendance information in Canvas with Frederick and immediately ended the October 2020 meeting with Frederick.

52. On or around December 7, 2020, Adkins gave Frederick a special form to keep attendance for virtual/online students' offline work and directed Frederick to return the attendance records to Adkins.

53. Adkins told Frederick to assume that virtual/online students who were logged into Canvas but not showing "actions" were engaged offline and to give those students attendance credit for that offline work.

54. Adkins complained that Frederick not giving students credit for "offline" work, even without any evidence that those students had actually worked offline, was making Adkins' life difficult.

55. The form that Adkins directed Frederick to use was not effective at tracking attendance based on actual participation.

56. Frederick continued to manually track attendance for her virtual/online students using her own form.





57. On or about December 11, 2020, Blackshire disciplined Frederick for refusing a directive from an Administrator.

58. Blackshire disciplined Frederick for not using the attendance form Adkins wanted Frederick to use.

59. Upon information and belief, Adkins is not an administrator.

60. Frederick continued to turn in attendance records but refused to give credit for unearned "offline" work without evidence of actual participation.

61. On or about December 11, 2020, Frederick complained to Printy about the disciplinary action from Blackshire for Frederick's refusal to give students "offline" credit for attendance without any evidence those students had actually participated. ("Retaliation Complaint")

62. Printy told Frederick they would discuss her Retaliation Complaint on Monday, December 14, 2020.

63. On or about December 11, 2020, Monroe Prep terminated a kindergarten teacher.

64. The kindergarten teacher, who was crying and visibly upset, was attempting to take pictures of her personal items in her classroom.

65. Frederick attempted to console the kindergarten teacher and offered to help the kindergarten teacher pack her personal items but was told that the kindergarten teacher was not permitted to pack her personal items.

66. Frederick asked Printy why the kindergarten teacher was not allowed to take her personal items home.

67. Printy told Frederick to mind her own business and then grabbed Frederick painfully by the arm and forcefully pushed Frederick out the door and said, "we don't need your help."

68. Frederick was shocked by Printy's aggressive conduct and physical assault.





69. On or about December 11, 2020, several hours after her Retaliation Complaint and just before end of school, Frederick noticed that she was locked out of Canvas and other software she used in the course of her employment with Monroe Prep.

70. Frederick contacted Blackshire by text to inform her that Frederick's access to Monroe Prep's network was blocked.

71. Blackshire came to Frederick's classroom and told her to immediately vacate the building or Blackshire would call the police.

72. When Frederick returned to her home, she saw an email from Monroe Prep stating that her employment had been terminated.

73. Frederick believed that Monroe Prep's refusal to accurately record attendance for virtual/online students was a violation of Ohio law.

74. Monroe Prep violated R.C. § 3321.191 by failing to accurately record and report attendance for virtual/online students.

75. Monroe Prep violated R.C. § 3321.191 by giving students credit for attendance despite evidence that those students did not attend class or participate in school.

76. Frederick reasonably believed that granting students credit for attendance despite evidence that those students did not attend class or participate in school was a violation of Ohio law.

77. Monroe Prep terminated Frederick's employment on December 11, 2020.

78. Monroe Prep terminated Frederick in retaliation for her Attendance Discrepancy Reports.

79. Monroe Prep retaliated against Frederick with disciplinary action for continuing to manually track attendance for virtual/online students.

80. Prior to her termination, Frederick had no documented history of performance problems.

81. Prior to her termination, Frederick had not received any negative performance reviews.

82. Prior to her termination, Frederick had received no written discipline.





83. As a result of Monroe Prep's actions, Frederick suffered and will continue to suffer monetary and emotional damages.

**COUNT I: RETALIATION IN VIOLATION OF OHIO WHISTLEBLOWER STATUTE R.C. § 4113.52**

84. Frederick restates each and every prior paragraph of this Demand, as if it were fully restated herein.

85. During her employment, Frederick made verbal reports to Monroe Prep, about falsifying student attendance records.

86. Monroe Prep's conduct violated R.C. § 3321.191.

87. Frederick reasonably believed that Monroe Prep had committed a crime that was likely an imminent hazard to public safety.

88. Frederick made both oral and written complaints that Monroe Prep's conduct presented an imminent hazard to public safety.

89. Frederick made a reasonable and good faith effort to determine the accuracy of her complaints and/or concerns before making the oral complaints about Monroe Prep's failure to keep accurate student attendance records.

90. Frederick made a reasonable and good faith effort to determine the accuracy of her complaints and/or concerns before making the written complaints about Monroe Prep's failure to keep accurate student attendance records.

91. Frederick allowed Monroe Prep sufficient time to correct or make a good faith effort to correct the inaccurate student attendance records.

92. Monroe Prep failed to correct or to make a good faith effort to correct the inaccurate student attendance records that Frederick complained about.





93. Frederick made a reasonable and good faith effort to determine the accuracy of her complaints and/or concerns before making the written complaints about Monroe Prep's failure to keep accurate student attendance records.

94. Defendant retaliated against Frederick by terminating her employment based on her complaints regarding conduct that was illegal and/or created an imminent hazard to public safety.

95. Defendant's termination of Frederick was in violation of R.C. § 4113.52, *et seq*.

96. As a direct and proximate cause of Defendant's conduct, Frederick suffered and will continue to suffer damages.

**COUNT II: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

97. Frederick restates each and every prior paragraph of this Demand, as if it were fully restated herein.

98. A clear public policy exists and is manifested in Ohio statutes, and/or administrative regulations, or in the common law, for Ohio Community Schools to keep accurate attendance records.

99. Frederick, in good faith, reported violations of law and rules regulating the attendance of students enrolled at Monroe Prep.

100. Defendant's termination of Fredericks jeopardizes these public policies.

101. Defendant's termination of Fredericks was motivated by conduct related to these public policies.

102. Defendant had no legitimate business justification for terminating Frederick.

103. As a direct and proximate cause of Defendant's wrongful conduct, Frederick suffered and will continue to suffer damages.





## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tracy Frederick requests judgment against Defendant and for an Order:

(a) Requiring Defendant to retroactively restore Frederick to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) Award against Defendant for compensatory and monetary damages to compensate Frederick for her back wages, front wages, lost benefits and other consequential damages in an amount in excess of $25,000 per claim to be proven at trial;

(c) Award against Defendant for punitive damages in an amount in excess of $25,000 per claim to be proven at trial;

(d) Award of reasonable attorneys' fees and non-taxable costs for Frederick's claims as allowable under law;

(e) Awarding the taxable costs of this action; and

(f) Awarding such other and further relief that this Court deems necessary and proper.

Respectfully submitted,

*/s/ Fred M. Bean*

Fred M. Bean (0086756)
Taurean J. Shattuck (0097364)
David E. Byrnes (0086975)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax: (216) 291-5744
Email: Fred.Bean@spitzlawfirm.com
Taurean.shattuck@spitzlawfirm.com
David.Byrnes@spitzlawfirm.com

*Attorneys For Plaintiff*





**JURY DEMAND**

Plaintiff Tracy Frederick demands a trial by jury by the maximum number of jurors permitted.

*/s/ Fred M. Bean*
Fred M. Bean (0086756)
Taurean J. Shattuck (0097364)
David E. Byrnes (0086975)



